IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT DEAN JACKSON, and<br>PEGGY J. JACKSON, Husband and Wife,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>DAIMLER CHRYSLER FINANCIAL<br>SERVICES AMERICAS, LLC, dba<br>CHRYSLER FINANCIAL, aka DAIMLER<br>CHRYSLER SERVICES; STALLINGS<br>PROPERTIES, INC., dba STATE<br>RECOVERY; and CRAIG MCCLANE;<br>DOES I-V; DOE CORPORATION; and<br>DOE, LLC,<br><br>　　　　　Defendants. | Case No. CV-07-96-E-BLW<br><br>**MEMORANDUM<br>DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to compel arbitration and a motion to file a Rule 12(b)(5) defense. A hearing was noticed for July 3, 2007, but attorney Schindele, the third-party defendant who filed the latter motion, did not appear. The Court heard argument on the former motion and took both motions under advisement after the hearing. For the reasons expressed below, the Court will deny attorney Schindele's motion and grant in part the motion to compel arbitration.

**Memorandum Decision and Order – Page 1**

## LITIGATION BACKGROUND

The Jacksons have sued a financing company (Daimler Chrysler), a repossession company (Stallings Properties), and an employee of the repossession company (Craig McClane). The Jacksons allege that these defendants wrongfully repossessed the Jacksons' Dodge Durango automobile. Robert Dean Jackson claims that during the repossession, he was beaten by McClane, causing a permanent impairment that prevents Jackson from engaging in his profession of laying carpets. The Jacksons are seeking monetary damages for their personal injuries and lost income, as well as for property damage to the vehicle. They have demanded a jury trial.

Daimler Chrysler filed counterclaims and a third-party complaint against Michael Schindele and State Recovery, Inc, dba Stallings Properties. Daimler Chrysler alleges that Schindele was their counsel and gave incorrect advice that constituted professional negligence. Daimler Chrysler also seeks indemnity from State Recovery Inc., dba Stallings Properties.

Daimler Chrysler filed a motion to compel arbitration and dismiss this suit. Daimler Chrysler alleges that the Jacksons signed a financing agreement that contained a provision requiring arbitration for "any claim or dispute, whether in contract, tort, or otherwise . . . which arise[s] out of or relate[s] to this contract or

any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) . . . ." The agreement further states that "[a]ny arbitration under this contract shall be governed by the Federal Arbitration Act [FAA] . . . ."

At oral argument, counsel for the Jacksons joined in Daimler Chrysler's motion to compel arbitration. Defendant McClane filed an objection seeking to preserve his right to a jury trial,[1] and Stallings joined in that objection.

Given the agreement between the Jacksons and Daimler Chrysler to proceed in arbitration, the central issue is whether arbitration should be compelled as to the remainder of the case.

## ANALYSIS

**1.  Jurisdiction**

The Court finds that jurisdiction is likely because the Jacksons are debtors in an active Chapter 13 bankruptcy in this District, and this case appears to arise out of that bankruptcy action. *See* 28 U.S.C. § 1334(b). The Court declines to make any final ruling on jurisdiction until the issue is briefed by the parties.

**2.  Motion to Compel Arbitration**

Defendants Stallings and McClane claims that they cannot be bound by the

---

[1] McClane's answer demands a jury trial.

**Memorandum Decision and Order – Page 3**

arbitration provision because it was contained in a contract they were not a party to and never signed. Daimler Chrysler responds that Stallings, and hence McClane, were its agents and hence are bound by the same contractual provisions binding the principal, *i.e.*, Daimler Chrysler.[2]

A nonsignatory can be bound to an arbitration agreement under ordinary principles of contract and agency. *Dan Weibold Ford v. Universal Computer*, 127 P.3d 138 (Id.Sup.Ct. 2005). "An agent is subject to the same contractual provisions, including arbitration contracts, to which the principal is bound." *Nitro Distributing, Inc. v. Alticor, Inc.,* 453 F.3d 995, 999 (8th Cir. 2006). The agency issue is generally "one of fact to be determined by the trier of fact." *Caballero v. Wikse*, 92 P.3d 1076 (Id.Sup.Ct. 2004).

Here, there are factual issues concerning whether Stallings and McClane were agents of Daimler Chrysler. Stallings and Daimler Chrysler appear to have entered into a written agreement governing Stallings repossession work for Daimler Chrysler generally. That agreement states that Stallings is not an "agent." It goes on to state that "your [Stallings'] status is that of an independent contractor."

---

[2] To obtain an arbitration forum, Daimler Chrysler embraces the alleged tortfeasors, a strategy that will obviously change dramatically once in arbitration. The Court expresses no opinion on this strategy.

**Memorandum Decision and Order – Page 4**

This at least creates a factual issue on agency.  It precludes the Court from adopting Daimler Chyrsler's argument that Stallings and McClane are bound to the arbitration provision in a contract they did not sign because they were agents of Daimler Chrysler.[3]

Even if Stallings was an agent, however, the Court would still be concerned about imposing on it the terms of a contract it never signed.  The agreement it did sign with Daimler Chrysler says nothing about arbitration.  Daimler Chrysler, having failed to negotiate the arbitration provision directly with Stallings, now tries to impose it on them through the back door by tagging Stallings with an agreement it did not sign.  Daimler Chrysler cites no case so holding, and the Court can find no basis for breaking new ground to adopt this argument.

However, the Jacksons have now joined in the motion to compel arbitration.  This changes things to some degree.  When Stallings entered into the indemnity agreement with Daimler Chrysler, it was exposing itself to all defenses that could

---

[3] McClane is alleged to have wrongfully repossessed the Jacksons' car in violation of Idaho Code § 28-9-609.  The commenatry to that code section states that a secured party – that is, Daimler Chrysler – is "responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral."
While that statute may impose a nondelegable duty on Daimler Chrysler – an issue the Court need not resolve here – it says nothing about whether Stallings and McClane are agents of Daimler Chrysler.

**Memorandum Decision and Order – Page 5**

be asserted against Daimler Chrysler.  So it may have been foreseeable to Stallings that parties like the Jacksons could assert their arbitration rights against Daimler Chrysler, and hence against Stallings.  This may make it more fair – and more in accord with contract principals – to bind Stallings with the arbitration provision.

Foreseeability is not the end of the analysis, however.  Applying the arbitration provision to Stallings and McClane is to hold that they have waived their Seventh Amendment right to a jury trial.  The Supreme Court has held that "as the right to jury trial is fundamental, courts indulge every reasonable presumption against waiver."  *See Aetna Insurance Co. v. Kennedy,* 301 US 389, 393-94 (1937).[4]  The waiver must be made "knowingly and intentionally." *National Equipment Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2nd Cir. 1977).[5] All of the circumstances surrounding the waiver must be examined.  *Okura & Co. v. Careau Group*, 783 F.Supp. 482, 489 (C.D.Cal. 1991).  In *Okura*, the court upheld a contractual waiver of the right to jury trial where the provisions were "negotiated by the parties and were an essential aspect of the parties' bargain."  *Id.*

---

[4] The Seventh Amendment right only applies to suits "at common law."  This requires an historical analysis of the claims to determine if they would have entitled the parties to a jury trial in Eighteenth-Century England.  *See Tull v. United States*, 481 U.S. 412, 417-421 (1987).  The Jacksons' claims against McClane and Stallings seek actual and punitive damages for assault and battery.  The Supreme Court has held that such claims are "at common law" and therefore trigger the Seventh Amendment right to jury trial.  *Curtis v. Loether*, 415 U.S. 189 (1974).

[5] The Ninth Circuit has not adopted this standard in a published case, but has cited *Hendrix* with approval in an unpublished case that this Court is prohibited from citing.

**Memorandum Decision and Order – Page 6**

The issue whether a party has waived a constitutional right is a mixed question of law and fact. *Moran v. Godinez*, 57 F.3d 690, 698 (9th Cir. 1995). There are factual questions on this issue that preclude its resolution at this early stage in the litigation. The relationship between Daimler Chrysler and Stallings has not been fleshed-out in any detail at this stage of the proceedings.

Daimler Chrysler argues that the Seventh Amendment must give way to the powerful stamp of approval given to arbitration and the FAA by the Supreme Court. While there is no doubt that arbitration enjoys great favor in the High Court, the Constitution is still the supreme law of the land, and the Seventh Amendment must therefore supercede any policy emanating from a federal statute. *See Marbury v. Madison*, 5 U.S. 137, 178 (1803) (holding that "the constitution is superior to any ordinary act of the legislature"). Thus, the waiver question must be examined in this case.

These factual issues discussed above – on both the waiver and agency questions – require further development and constrain the Court from sending to arbitration the claims of the Jacksons against Stallings and McClane, and the third-party claims of Daimler Chrysler against Stallings and attorney Schindele.[6] For

---

[6] The claim for professional negligence against attorney Schindele would appear to be a legal claim at common law. *See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 568 (1990) (stating that "attorney malpractice action . . . was historically an action at law," citing a English case dated 1767). This is some indication that the claim against

**Memorandum Decision and Order – Page 7**

that reason, the motion to compel will only be granted as to the Jacksons' claims against Daimler Chrysler.

Because it is not clear to the Court how the parties desire to proceed given this ruling, the Court will not dismiss any claims at this point, but will direct the parties to schedule a status conference by contacting the Court's Clerk, LaDonna Garcia at (208) 334-9021.  At that conference the Court will discuss with counsel how to proceed in this case.

**3.     Motion to File a Rule 12(b)(5) Defense**

Attorney Schindele, a third-party defendant, moves the Court for an order "stating that he is not required to file another motion or responsive pleading in this case until 20 days after he is properly served with . . . a copy of the complaint of the [plaintiffs]." *See Motion* at p. 2.  Schindele admits receiving a copy of third-party plaintiff Daimler Chrysler's answer, affirmative defenses, cross & counter claims, and the third-party complaint, but alleges that Daimler Chrysler failed to serve him with a copy of the Jackson's original complaint.  Schindele failed to file a brief as required, and has provided no authority that service of the original complaint is required.

---

Schindele also falls within the Seventh Amendment's reach.  Without briefing on this issue, however, the Court declines to make a final ruling thereon.

**Memorandum Decision and Order – Page 8**

Form 22-A to the Federal Rules – a form third-party complaint – does contain a paragraph stating that the original complaint is "hereto attached as 'Exhibit A'." But these forms are "intended for illustration only."

Rules 5 and 14 govern third-party complaints. Rule 5(a) states that service should be made on each party of "every pleading *subsequent to the original complaint* . . . ." (emphasis added). This would indicate that service of a third-party complaint must be accompanied by service of any answer the third-party plaintiff filed, but not by the plaintiffs' complaint. This conclusion is reinforced by Rule 14, specifically addressing the service of third-party complaints, which says nothing about requiring service of the original complaint.

These authorities teach that while it may be the better practice to include the original complaint in the documents served with the third-party complaint, there is no legal requirement to do so, and hence no legal consequence for failing to do so. Accordingly, the Court will deny the motion filed by Schindele.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel arbitration (docket no. 14) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks a ruling that the claim of the Jacksons against Daimler

**Memorandum Decision and Order – Page 9**

Chrysler are subject to arbitration. It is denied in all other respects at this time without prejudice to the right of the parties to raise the issues again in a subsequent motion.

    IT IS FURTHER ORDERED, that the motion to file a Federal Rule of Civil Procedure 12(b)(5) defense (Docket No. 19) is DENIED.

DATED: **July 12, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 10**